UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN HUERTA,<br><br>    Plaintiff,<br><br>    v.<br><br>AKIMA FACILITIES MANAGEMENT, LLC,<br><br>    Defendant. | Case No. 16-cv-00434-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT**<br><br>Re: Dkt. No. 47, 50, 55 |

On January 25, 2016, Plaintiff Brendan Huerta filed a complaint against Defendants United States Department of Agriculture ("USDA") and Agriculture Research Service ("ARS"), alleging that he was severely injured while delivering a piece of heavy equipment to Defendants' laboratory facility. (Compl. ¶ 10, Dkt. No. 1.) On August 12, 2016, Plaintiff filed an amended complaint, substituting Doe 2 for Defendant Akima Facilities Management LLC ("AFM"), based on the allegation that AFM was the facility manager of the subject premises where the USDA/ARS laboratory was located. (First Amended Compl. ¶ 2, FAC, Dkt. No. 31.) On September 13, 2016, AFM was served by service on its designated agent, CT Corporation System. (Dkt. No. 37.) On November 18, 2016, Plaintiff moved for entry of default against AFM, and default was entered as to AFM on November 22, 2016. (Dkt. Nos. 44, 46.) Plaintiff then moved for default judgment against AFM. (Dkt. Nos. 47, 50.)

On December 29, 2016, AFM moved to set aside the default under Federal Rule of Civil Procedure 55(c). (Def.'s Mot., Dkt. No. 55.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing currently set for March 2, 2017. Having considered the papers filed by the parties and the relevant legal authority,

the Court GRANTS the motion to set aside entry of default and DENIES the motion for default judgment as moot.

## I. BACKGROUND

On February 6, 2014, Plaintiff – an employee of Royal Logistics – delivered heavy equipment to a USDA/ARS laboratory facility, located at 800 Buchanan Street, Albany ("Subject Premises"). (FAC ¶ 15.) Plaintiff was assisted by Doe 1, who was either an employee of USDA and/or ARS, or the government contractor who was responsible for facility operations at the ARS facility. (FAC ¶ 16.) Plaintiff believes this government contractor is Defendant AFM. (FAC ¶ 17.) The equipment was to be lowered from the truck to a lift gate, but while lowering the lift gate, Doe 1 suddenly and abruptly stopped the lift gate. (FAC ¶ 20.) The sudden stop caused the equipment to become unstable and fall onto Plaintiff, who was unable to get out of the way in time. (FAC ¶¶ 20-21.) As a result, Plaintiff suffered serious injuries to his back, hips, legs, feet, and wrist. (FAC ¶ 21.)

Plaintiff then brought this suit against the USDA and ARS, as well as Doe defendants. (*See* Compl.) On August 12, 2016, Plaintiff filed a first amended complaint, substituting a Doe defendant for AFM. (FAC ¶ 2.) On August 16, 2016, the Court issued summons as to AFM. (Dkt. No. 33.) On August 23, 2016, Plaintiff filed an affidavit of service, which stated that AFM was allegedly served on August 15, 2016 (prior to the Court issuing summons) by service on Mr. Nelson Merritt, a payroll tax supervisor. (Dkt. No. 34.) On September 15, 2016, Plaintiff filed a second proof of service of summons, stating that AFM was served on September 12, 2016 by service on CT Corporation System, AFM's agent for service of process. (Dkt. No. 37.)

After the USDA and ARS filed a motion to dismiss, the parties stipulated to the dismissal of these Defendants. (Dkt. Nos. 40, 41.) Plaintiff then moved for entry of default as to AFM, and on November 22, 2016, entry of default was entered as to AFM. (Dkt. Nos. 44, 46.) On December 12, 2016, Plaintiff moved for default judgment. (Dkt. Nos. 47, 50.)

On December 29, 2016, AFM filed a motion to set aside entry of default. In support, AFM explained that its failure to respond to the first amended complaint was a result of an operating system upgrade. (Def.'s Mot. at 4.) Specifically, after CT Corporation received employment law

related legal process on behalf of AFM, it was to transmit the documents to Mr. Steven Steinberg, AFM's sole employment law attorney.[1] (Steinberg Decl. ¶¶ 2-3.) Due to an operating system upgrade to Mr. Steinberg's computer, however, the e-mails from CT Corporation "were inadvertently treated as spam and routed to [Mr. Steinberg's] email spam folder that is deleted on a monthly basis." (Steinberg Decl. ¶ 4.) This included CT Corporation's transmittal of the first amended complaint in the instant case. (Steinberg Decl. ¶ 5.) Mr. Steinberg did not realize there was a computer software error until he "was alerted by outside counsel that an entry of default had been entered in an unrelated matter." (Steinberg Decl. ¶ 6.) On January 9, 2017, Plaintiff filed his opposition to AFM's motion to set aside entry of default. (Plf.'s Opp'n, Dkt. No. 57.) On January 19, 2017, AFM filed its reply. (Def.'s Reply, Dkt. No. 64.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." In determining "good cause," the Court considers three factors:

> (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.

*United States v. Signed Personal Check No. 730 of Yurban S. Mesle (Mesle)*, 615 F.3d 1085, 1091 (9th Cir. 2010). Because this standard "is disjunctive, . . . a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* At the same time, the Ninth Circuit has long emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances; a court should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Moreover, while the same "good cause" test applies to motions seeking relief from entry of default under Rule 55(c) and default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context . . . because . . . there is no

---

[1] AFM is one of thirty-six government contracting subsidiary businesses held by Akima, LLC, a holding company. (Steinberg Decl. ¶ 2.) Mr. Steinberg is the sole employment law attorney for both Akima, LLC and each of Akima, LLC's subsidiary operating companies, including AFM. (*Id.*)

3

1    interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1 (citing

2    *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)).

### III.    DISCUSSION

#### A.    Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (internal quotation omitted). To be "intentional," however, the "movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092; *see also TCI Grp. Life Ins. Plan*, 244 F.3d at 698 ("a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond").

Here, AFM assets that its failure to respond was not culpable because it was based on a computer error, in which the complaint was inadvertently routed to the spam folder of AFM's sole employment law attorney. (Steinberg Decl. ¶¶ 2, 4-6.) Plaintiff does not dispute that this would not constitute culpable conduct. Plaintiff, however, makes several arguments that AFM did in fact know of the complaint.

First, Plaintiff argues that he "is informed and believes" that CT Corporation transmitted the complaint to other persons in addition to Mr. Steinberg. (Plf.'s Opp'n at 3.) Plaintiff's belief is based on "Mr. Steinberg's declaration [which] appears carefully worded to avoid disclosing this fact," and AFM's alleged failure to deny this fact when Plaintiff raised it. (*Id.* at 3-4.) Second, Plaintiff contends that it made "numerous efforts" to get a response from AFM, including personally serving the complaint to AFM's North Carolina office on August 15, 2016, and making calls to AFM inquiring about the complaint. (*Id.* at 4-5.) These calls were transferred to the legal department, but no one picked up. (*Id.* at 5; *see also* Goebel Decl. ¶ 4.[2]) Plaintiff's counsel left

---

[2] The Court notes that the phone number stated in Ms. Goebel's declaration appears to be for Akima, LLC, the holding company, not Akima Facilities Management, LLC, the defendant in this

4

about five or six voice mails, but never heard back. (*Id.*)

Taken together, the Court concludes that AFM did not engage in culpable conduct. First, there is no information that any individuals other than Mr. Steinberg did in fact receive the complaint, and whether they had any responsibility or authority to respond to the complaint. There is also no information that the service of the complaint on August 15, 2016 provided notice of the lawsuit to AFM; this is particularly the case where the service appears to be improper, as it was not only done prior to the Court issuing a summons in this case, but was made on a "payroll supervisor" who had no apparent authority to accept service. *See* Fed. R. Civ. P. 4(h) (authorizing service on individuals in any manner approved under relevant state law, or by service on an officer, managing agent, general agent, or any other agent authorized by appointment or by law). Similarly, it is not clear that any of the voicemails by Plaintiff's counsel reached AFM or AFM's legal counsel. Finally, even assuming AFM received actual notice of this suit prior to Mr. Steinberg realizing the computer error, the Court finds that there is no showing that AFM's failure to respond was intentional, *i.e.*, done in bad faith, with an intent to take advantage of Plaintiff, or to interfere with judicial decision-making. *See Mesle*, 615 F.3d at 1092. Instead, it appears AFM acted promptly; only a month and one week has passed between entry of default being entered and AFM moving to set aside the entry of default. Especially when considering the Ninth Circuit's stated preference to decide cases on their merits, rather than on default, the Court finds that this factor weighs in favor of setting aside entry of default.[3]

**B.   Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Grp.*, 244 F.3d at 700. This burden "is not extraordinarily heavy."

---

case. *See* AKIMA, LLC – CONTACT, http://www.akima.com/contact/ (last visited Feb. 16, 2017) (listing office number as 571-323-5200); AKIMA FACILITIES MANAGEMENT – CONTACT US, http://www.akimafacmgmt.com/contact-us/ (last visited Feb. 16, 2017) (listing office number as 907-257-1762). Thus, it is not clear that Plaintiff actually contacted AFM, rather than a non-party.

[3] Plaintiff proposes that the Court should set an evidentiary hearing on this matter. (Plf.'s Opp'n at 6.) Again, given the preference of deciding cases on their merits, the Court declines to do so, as the parties' and Court's resources will be better spent litigating this case on the merits, rather than on whether default should be set aside.

*Mesle*, 615 F.3d at 1094; *see also id.* (explaining the "minimal nature of the burden"). Instead, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . . *Id.*

Here, AFM alleges the following facts would constitute a meritorious defense to any claim being asserted by Plaintiff: (1) Plaintiff was not AFM's employee; (2) AFM did not own, lease, manage, or maintain the ARS facility at issue; (3) no AFM employee was involved in operating equipment related to loading or unloading freight; and (4) no AFM employee was acting within the scope of his or her employment in relation to the incident that led to Plaintiff's injury. (Mot. at 4-5.) AFM also asserts that even if an AFM employee was involved in the incident that led to Plaintiff's injury, "the federal doctrine of intergovernmental immunity bars Plaintiffs' state tort law claims . . . ." (*Id.*) In support, AFM provides a declaration by Mr. Steinberg reciting these facts. (Steinberg Decl. ¶ 9.)

Plaintiff does not dispute that these facts could present a meritorious defense. Instead, Plaintiff argues that AFM has not presented any facts to support its claim by challenging Mr. Steinberg's declaration as lacking personal knowledge.[4] (Plf.'s Opp'n at 7-8.) The Court finds that even excluding Mr. Steinberg's declaration, AFM has *alleged* sufficient facts to raise a meritorious defense, which is all that is required by the Ninth Circuit. While Plaintiff cites to an out-of-circuit district court decision which required that the defendant provide the court with a proposed answer, statements of witnesses, and reports of investigation, such a requirement is at odds with the "minimal" burden articulated by the Ninth Circuit. (Plf.'s Opp'n at 7 (citing *Trueblood v. Grayson Shops*, 32 F.R.D. 190, 196-97 (E.D. Va. 1963).) More persuasive are recent decisions by courts in this district, which have found the defendant's burden satisfied by allegations of facts contained in the briefing itself. *E.g.*, *Precision Glassworks, Inc. v. Ghannam*, Case No. 15-cv-3227-HSG, 2016 WL 2641475, at *2 (N.D. Cal. May 10, 2016) (allegations in the moving papers sufficient to demonstrate meritorious defenses); *Quingdao Tang-Buy Int'l Import & Export Co. v. Preferred*

---

[4] Plaintiff also objects that Mr. Steinberg's statement that the default was not the result of culpable conduct is an improper legal conclusion, and that the cases provided as exhibits to the Iskander Declaration are irrelevant. (Dkt. Nos. 58 at 2, 67 at 2.) The Court overrules these objections as moot because the Court did not rely on these statements or exhibits in deciding AFM's motion.

*Secured Agents, Inc.*, Case No. 15-cv-624-LB, 2016 U.S. Dist. LEXIS 101989, at *5 (N.D. Cal. Aug. 3, 2016) (allegations in a case management statement were sufficient to raise a meritorious defense). The Court therefore finds that AFM has raised a meritorious defense, and that this factor weighs in favor of setting aside entry of default.

### C. Prejudice

The parties do not dispute that Plaintiff will not suffer prejudice if the entry of default is set aside. Plaintiff argues, however, that the setting aside of the entry of default should be conditioned on AFM paying Plaintiff's attorney's fees and costs incurred in entering the default, as well as to oppose the instant motion. (Plf.'s Opp'n at 9-10.)

The Ninth Circuit has recognized that the district courts have discretion to place conditions on the setting aside of a default, in order to rectify any prejudice suffered by the non-defaulting party as a result of the default. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydroelec.*, 854 F.2d 1538, 1546 (9th Cir. 1988). Plaintiff cites several cases that conditioned the setting aside of the entry of default on payment of attorney's fees; notably, in many of these cases, the Court found the defendant's behavior, while not culpable, was problematic. *See Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 698 (S.D.N.Y. 1986) (requiring payment of attorney's fees and costs where there was a one-year delay because the defendant's attorneys ignored the complaint and assumed that management would handle it); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 418-19 (E.D. Penn. 1981) (requiring payment of attorney's fees and costs where the defendant's behavior was "cavalier"); *E. & J. Gallo Winery v. Cantine Rallo, S.P.A.*, 430 F. Supp. 2d 1064, 1094 (E.D. Cal. 2005) (requiring payment of attorney's fees and costs prior to the defendant informing the plaintiff of its intent to defend where the defendant received actual notice of the lawsuit but failed to recognize the need to respond to the complaint). In contrast, several courts in this district have declined to condition setting aside the entry of default on the payment of attorney's fees and costs, particularly where there was no evidence of wrongful conduct. *See Reed v. Fannie Mae*, EDCV 13-940-VAP (SPx), 2014 U.S. Dist. LEXIS 169047, at *6 (C.D. Cal. Dec. 5, 2014) (declining to condition setting aside the default on a payment of attorney's fees where the neglect was not intentional); *Anderson*

*v. The Hain Celestial Grp., Inc.*, SACV 13-1747-DOC (ANx), 2014 WL 2967603, at *6 (C.D. Cal. July 1, 2014) (declining to condition setting aside the entry of default on a payment of attorney's fees where there was no prejudice to be remedied).

Given the absence of prejudice, this factor weighs in favor of setting aside entry of default. Because each of the factors weighs in favor of setting aside entry of default, the Court GRANTS AFM's motion to set aside entry of default. The Court also declines to condition setting aside the entry of default on the payment of attorney's fees and costs, particularly where Plaintiff does not assert prejudice, and less than a month and a half passed between entry of default and the instant motion.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS AFM's motion to set aside entry of default. Because the Court sets aside entry of default, it DENIES Plaintiff's motion for default judgment as moot. AFM is to file its responsive pleading within 21 days of the date of this order.

IT IS SO ORDERED.

Dated: March 1, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge